UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DANIEL ANITA, | ) 4:11CV2541 |
| Petitioner | ) JUDGE CHRISTOPHER BOYKO |
| | ) (Magistrate Judge Kenneth S. McHargh) |
| v. | ) |
| [Director, BOP;] | ) |
| R.L. FARLEY, | ) |
| Warden, | ) |
| Respondent | ) REPORT AND RECOMMENDED |
| | ) <u>DECISION OF MAGISTRATE JUDGE</u> |

McHARGH, MAG. J.

The petitioner Daniel Anita ("Anita") has filed a petition pro se for a writ of habeas corpus, under 28 U.S.C. § 2241, regarding his 2008 conviction and sentence for conspiracy to distribute cocaine.

Anita seeks relief under Section 2241, specifically,

> Petitioner prays that this Honorable Court will grant him permission to retrieve from the literary program here at FCI Elkton without being sanctioned of his goodtime allowances by the Bureau of Prisons.

(Doc. 1, at § 8, verbatim.)

Habeas review is available under Section 2241 when an inmate attacks the execution of his sentence, rather than the validity of a conviction and sentence, which is properly brought pursuant to § 2254. Ramer v. Maxwell, No. 00-5110, 2001 WL 55519, at *2 (10th Cir. Jan. 23, 2001) (citing McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)); see, e.g., McClain v. Bureau of

Prisons, 9 F.3d 503, 504 (6th Cir. 1993) (2241 action challenging credit on sentence for time served) (per curiam). A 2241 action challenging a deprivation of good-time credit is challenging the duration of the prisoner's custody. Ramer, 2001 WL 55519, at *2 (quoting McIntosh, 115 F.3d at 812).

The petition alleges that Anita has "diligently requested that he be allowed to withdraw from the [literacy] program" at FCI Elkton. (Doc. 1, at p. 4.) He seeks to withdraw from the program without being reprimanded or sanctioned. He states that he will be removed from the United States upon completion of his sentence, thus "it is frivolous for him to be forced to sit in a class learning english" which will serve no purpose for him upon his return to Mexico. Id.

The proper respondent is R.L. Farley, Warden of FCI Elkton. The Warden notes that the warden where the petitioner is currently incarcerated is the only proper respondent in a habeas action. (Doc. 9, at 1.) Farley was named as one of four respondents on the face of the petition. (Doc. 1, at 1.)

The respondent's motion to dismiss agrees that Anita is subject to a detainer by the Department of Homeland Security's Immigration and Customs Enforcement branch, upon completion of his criminal sentence. (Doc. 9, memorandum in support, at 1.) No final deportation hearing has yet been held, which would establish whether Anita will actually be removed or deported. Id. at 6.

The respondent states that, while enrolled in the Literacy Program, Anita is eligible to earn 54 days of good conduct time (GCT) for each year he serves in custody. As a "sentenced deportable alien," Anita may opt out of the Literacy

Program. However, he would then earn only 42 days of GCT for each year served. (Doc. 9, at 2; doc. 9, RX G.)

The respondent argues that Anita's claim is not ripe for adjudication because he continues to participate in the Literacy Program. (Doc. 9, at 3.) Anita's concern about discipline resulting from a withdrawal from the program is a hypothetical concern because he continues to participate in the program. Id. Also, "sentenced aliens with a deportation detainer are not mandated to attend a Literacy Program and can opt out of the program without facing discipline." Id. (citing 28 C.F.R. § 544.71a(3)).

In addition, the respondent argues the claim should be dismissed because good conduct time "is an incentive not a constitutional right." (Doc. 9, at 4.) Federal regulations require the warden to "establish a system of incentives to encourage an inmate to obtain a GED credential." Id. at 5 (quoting 28 C.F.R. § 544.72). The respondent contends that offering extra GCT is a reasonable incentive to participate in the program. The respondent distinguishes incentives from disciplinary action, and asserts that Anita could withdraw from the program without any disciplinary action, such as loss of privileges, visitation, or other sanctions. Id.

In his Traverse, Anita seeks default judgment because the Bureau of Prisons failed to timely act on his administrative claims (BP-11). (Doc. 10, at 1.) The respondent had conceded that Anita had exhausted his administrative remedies, and this court does not review the propriety or timeliness of that procedure.

Anita disagrees with the respondent's characterization of the additional GCT as an incentive, because the majority of inmates receive the 54 days GCT. (Doc. 10, at 2.) He argues it is "only fair and just" to allow him to (remove) from the literacy program. Id. at 2-3.

The Prison Litigation Reform Act ("PLRA") established a "mandatory functional literacy" program for "for all mentally capable inmates who are not functionally literate." De La Cruz v. Zickefoose, No. 11-2897, 2011 WL 5433725, at *2 (3d Cir. Nov. 10, 2011) (per curiam) (quoting 18 U.S.C. § 3624(f)). The PLRA requires the Bureau of Prisons to offer "appropriate incentives which lead to successful completion of the programs." Id.

Under the implementing regulations, "inmates who do not have a high school diploma or GED are required to participate in the program 'for a minimum of 240 instructional hours or until a GED is achieved, whichever occurs first.'" De La Cruz, 2011 WL 5433725, at *2 (quoting 28 C.F.R. § 544.70). Although failure to complete the required hours ordinarily can result in disciplinary action, "inmates who are '[s]entenced deportable aliens' are not required to participate in the literacy program." Id. (citing 28 C.F.R. § 544.71(a)(3)).

At this point, Anita has completed over 270 hours in the Literacy Program. (Doc. 9, RX E.) Thus, he has already surpassed the minimum required of any inmate, and it does not appear that he would be subject to any disciplinary sanction if he chose to withdraw. De La Cruz, 2011 WL 5433725, at *2 (quoting 28 C.F.R. § 544.70).

However, "while sentenced deportable aliens are not required to participate in the literacy program, they are required to make 'satisfactory progress' under § 3624(b) to earn 54 days of good credit time." De La Cruz, 2011 WL 5433725, at *2. Thus, if Anita chooses to withdraw from the program, he would not be eligible for the additional incentive time, and would instead receive 42 days GCT, as provided in the BOP regulations.[1] 28 C.F.R. § 523.20(c)(2). Anita has failed to show that he would be entitled to earn 54 GCT credits if he withdrew from the literacy program.

The court cannot grant the relief sought by Anita, and the petition should be dismissed.  See, e.g., De La Cruz, 2011 WL 5433725; Molina v. Longley, Civ. No. 10–294E, 2012 WL 2679488, at *7 (W.D. Pa. July 6, 2012).

RECOMMENDATION

It is recommended that the petition for a writ of habeas corpus be dismissed.

Dated:   Aug. 15, 2012                         /s/ Kenneth S. McHargh
                                               Kenneth S. McHargh
                                               United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's

---

[1] Because Anita is not currently subject to a final order of removal or deportation, 28 C.F.R. § 523.20(d) does not apply to his situation.

order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).