**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| DANIEL ANITA, | ) | CASE NO. 4:11CV2541 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| DIRECTOR OF BUREAU OF PRISONS, | ) ) | MEMORANDUM OF OPINION |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

     This matter comes before the Court on Petitioner Daniel Anita's Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus. (ECF #1).  The Government filed a Motion to Dismiss Writ of Habeas Corpus (ECF #9).  The Magistrate Judge filed his Report and Recommendation on August 15, 2012, recommending dismissal of the Petition. (ECF #11).  Petitioner filed a Motion for Reconsideration in Reference to Petitioner's Withdrawal from the Literary (sic) Program at Federal Correctional Inst. Elkton on August 27, 2012 (ECF #12), which the Court will consider as objections to the Magistrate Judge's Report and Recommendation.  For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation, and

1

dismisses Petitioner's Petition.

## FACTS

On November 29, 2007, Petitioner was sentenced to 168 months for Conspiracy to Distribute, and Possession with Intent to Distribute Cocaine, with five years of supervised release.  Petitioner is subject to a detainer lodged on September 18, 2008, by the Department of Homeland Security's Immigration Customs and Enforcement branch ("ICE"), and faces possible deportation upon completion of his criminal sentence.  Petitioner is currently incarcerated at the Federal Correctional Institution, ("FCI"), Elkton, Ohio.

On November 22, 2011, Petitioner filed a Motion under 28 U.S.C. § 2241 for Writ of Habeas Corpus, alleging that Respondent is violating his due process rights because Petitioner wants to be able to withdraw from the Literacy Program at FCI without losing good conduct time ("GCT") or being disciplined.  Petitioner is eligible to earn 54 days of GCT for each year he serves in custody if he participates in the program.  Inmates who are sentenced deportable aliens are not required to participate.  However, if they do not participate, they are only eligible to earn 42 days of GCT for each year served.

## ANALYSIS

In Petitioner's Petition, he requests that the Bureau of Prisons be found in default for not acting on his administrative claims in a timely manner.  Petitioner further requests that he be allowed to withdraw from the Literacy Program without being reprimanded or sanctioned.  Respondent asserts that good conduct time is an incentive, not a constitutional right.

The Magistrate Judge points out that Federal regulations require the warden to establish a system of incentives for inmates that would encourage them to obtain their GED.  The Prison Litigation Reform Act ("PLRA") established a "mandatory functional literacy" program for "for all mentally capable inmates who are not functionally literate."  *De La Cruz v. Zickefoose*, No. 11-2897, 2011 WL 5433725, at *2 (3d Cir. Nov. 10, 2011) (per curiam) (quoting 18 U.S.C. § 3624(f)).  The PLRA requires the Bureau of Prisons to offer "appropriate incentives which lead to successful completion of the programs."  *Id.*  By offering extra GCT, the Bureau of Prisons provides a reward for satisfactorily participating in the program.

However, the Court agrees that Petitioner has failed to show he would be subject to any disciplinary action, such as loss of privileges, visitation, or other sanctions should he withdraw from the program.  Inmates are required to participate for a minimum of 240 hours.  Petitioner has completed over 270 hours in the Literacy Program.  Although failure to complete the required hours ordinarily can result in disciplinary action, "inmates who are '[s]entenced deportable aliens' are not required to participate in the literacy program." *Id.* (citing 28 C.F.R. § 544.71(a)(3)).  If Petitioner withdraws from the program, he would receive 42 days GCT, not 54 days.  The additional days are an incentive, not a right.

In Petitioner's Motion for Reconsideration, which the Court will consider as objections to the Magistrate Judge's Report and Recommendation, he simply re-states that he be allowed to withdraw from the program and still receive the higher amount of GCT.  Petitioner has failed to show that he should somehow be entitled to receive the higher amount of GCT for choosing not to participate in the program.  The Court cannot

3

grant Petitioner the relief he seeks.

For the foregoing reasons, the Court finds the Magistrate Judge's Report and Recommendation accurately and thoroughly addresses Petitioner's arguments. The Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation and dismisses Petitioner's Petition Under 28 U.S.C. §2241 for Writ of Habeas Corpus.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

   IT IS SO ORDERED.

Date:9/4/2012
         s/Christopher A. Boyko
         CHRISTOPHER A. BOYKO
         United States District Judge